# United States Court of Appeals
## For the First Circuit

No. 17-2195

UNITED STATES,

Appellee,

v.

WILLIAM ROSADO-CANCEL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lynch, Stahl, and Kayatta,
Circuit Judges.

Luis Rafael Rivera and Luis Rafael Rivera Law Offices on brief
for appellant.
Francisco A. Besosa-Martínez, Assistant United States
Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, on brief for appellee.

March 5, 2019

**KAYATTA**, **Circuit Judge**.    After Puerto Rico courts concluded in preliminary hearings that Commonwealth weapons charges against William Rosado-Cancel were not supported by probable cause, Rosado-Cancel pleaded guilty to equivalent federal charges based on the same conduct.  Rosado-Cancel later moved the district court to dismiss the indictment on double jeopardy and issue preclusion grounds.  The district court denied the motion and Rosado-Cancel appealed.  For the following reasons, we affirm.

## I.

In October of 2013, a federal grand jury indicted Rosado-Cancel for unlawful possession of a firearm with an obliterated serial number, in violation of 18 U.S.C § 922(k), and unlawful possession of an automatic weapon, in violation of 18 U.S.C. § 922(o).  In August of 2014, while the federal charges were pending, Puerto Rico prosecutors charged Rosado-Cancel with violating P.R. Laws Ann. tit. 25, § 458f (possession of a semi-automatic or automatic weapon) and P.R. Laws Ann. tit. 25, § 458i(b) (possession of a weapon with its serial number obliterated).  The government does not dispute either that both sets of charges stemmed from the same alleged conduct or that the federal and Commonwealth criminal laws are equivalent.

In Puerto Rico courts, a defendant charged with a felony has the right to a preliminary hearing in which a magistrate decides whether there is probable cause to believe the defendant

- 2 -

committed the offense charged. P.R. Laws Ann. tit. 34, app. II, § 23. These preliminary hearings are adversarial and public, and both sides have the right to introduce evidence. Id. When the prosecution fails to clear this hurdle, Puerto Rico law allows one more preliminary hearing on the same or different evidence before a different magistrate of higher rank. Id. § 24(c). Rosado-Cancel informs us, and the government does not contest, that if the second magistrate agrees with the first that no probable cause exists, further prosecution of those charges is prohibited. See United States v. Rosado-Cancel, No. 13-CR-731, 2017 WL 543199, at *2 (D.P.R. Feb. 10, 2017) ("[T]he commonwealth government has two at bats; if it strikes out at both preliminary hearings, the game is over."). This was the fate of Rosado-Cancel's Commonwealth case: At two successive preliminary hearings that took place while the federal charges were pending, Commonwealth magistrates concluded that the Puerto Rico weapons charges were not supported by probable cause. As a result, Rosado-Cancel's Commonwealth charges were dismissed and Puerto Rican officials may not further prosecute them.

In June of 2016, following the disposition of the Commonwealth case, Rosado-Cancel pleaded guilty in the United States District Court to both federal counts without a plea agreement. But in October of that year, following an almost identical motion by his co-defendant, Rosado-Cancel moved the

district court to dismiss his indictment as a violation of the Double Jeopardy Clause. The district court referred the motion to a magistrate judge, who concluded that the Puerto Rico preliminary hearings did not place Rosado-Cancel in jeopardy, and that the Double Jeopardy Clause therefore did not apply to the federal case. In his objection to the magistrate judge's Report and Recommendation, Rosado-Cancel argued for the first time that relitigation of the probable cause issue was "barred due to Issue Preclusion of the Collateral Estoppel Doctrine under the Double Jeopardy Clause of the Fifth Amendment." The district court, adopting the Report and Recommendation of the magistrate judge, concluded that jeopardy had not attached in the Puerto Rico proceedings, and hence that the federal prosecution did not offend double jeopardy principles. The district court also found that Rosado-Cancel's issue preclusion claim was untimely, and alternatively found the claim meritless because Rosado-Cancel neglected to show privity between Puerto Rico and federal law enforcement officials. Rosado-Cancel appealed to this court.

## II.

The Double Jeopardy Clause of the Fifth Amendment declares that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This right "was designed to protect an individual from being subjected to the hazards of trial and possible conviction more

- 4 -

than once for an alleged offense." Green v. United States, 355 U.S. 184, 187 (1957). Nevertheless, "a single act gives rise to distinct offenses -- and thus may subject a person to successive prosecutions -- if it violates the laws of separate sovereigns." Puerto Rico v. Sánchez Valle, 136 S. Ct. 1863, 1867 (2016). The United States Supreme Court recently concluded that, for the purposes of the Double Jeopardy Clause, the Commonwealth of Puerto Rico and the United States are a single sovereign, and that therefore Puerto Rico and the United States cannot successively prosecute an individual "for the same conduct under equivalent criminal laws." Id. at 1876.

Relying on this development, Rosado-Cancel argues that, given his victories in the Puerto Rico preliminary hearings and the resulting bar to future prosecution at the Commonwealth level, his federal conviction was unconstitutional. Right out of the gate, Rosado-Cancel encounters a major hurdle: The Supreme Court has consistently held that jeopardy has not attached, and the Double Jeopardy Clause therefore has no application, until a defendant is put to trial. See Serfass v. United States, 420 U.S. 377, 388 (1975); United States v. Jorn, 400 U.S. 470, 479 (1971) ("[A] defendant is placed in jeopardy in a criminal proceeding once the defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge."); United States v. Bonilla Romero, 836 F.2d 39, 42 (1st Cir. 1987) ("It is now well-settled

law, therefore, that jeopardy 'attaches' when a trial commences; that is, when a jury is sworn or empanelled or, in a bench trial, when the judge begins to hear evidence."). Rosado-Cancel attempts to skirt this obstacle by arguing that the second probable cause determination was "the functional equivalent of an acquittal" because it was decided on the merits and finally precluded future prosecution under Puerto Rico law.

Supreme Court precedent forecloses this argument. In Serfass, the government appealed from a district court order granting Serfass's pretrial motion to dismiss the indictment. 420 U.S. at 380-81. Serfass argued that the Double Jeopardy Clause barred the appeal. Id. at 389-90. He acknowledged that -- since his case never got to trial -- "formal or technical jeopardy had not attached," but argued instead that the district court's ruling was the "functional equivalent of an acquittal on the merits" and that "constructively jeopardy had attached." Id. The Court rejected this position, sticking instead to the rule that "jeopardy does not attach until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" Id. at 391 (quoting Jorn, 400 U.S. at 479). "Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." Id. at 391-92 (emphasis added). When the Commonwealth magistrates screened out Rosado-Cancel's case at the preliminary hearing phase, they

- 6 -

ensured that Rosado-Cancel never faced the risk of a determination of guilt on those charges. Rosado-Cancel was, therefore, never "put in jeopardy of life or limb," U.S. Const. amend. V, and the Double Jeopardy Clause has no application.

Rosado-Cancel also argues that "[r]elitigation of the same issues is barred due to Issue Preclusion of the Collateral Estoppel Doctrine under the Double Jeopardy Clause of the Fifth Amendment." The government counters that Rosado-Cancel waived his issue preclusion claim by failing to raise it before the magistrate judge, instead advancing it for the first time in his objections to the magistrate's Report and Recommendation. We agree. See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."). Moreover, we have consistently held that -- even assuming issue preclusion does not depend upon jeopardy having attached in the prior proceeding -- issue preclusion requires "that the party to be precluded from relitigating an issue decided in a previous litigation was either a party or in privity with a party to that prior litigation." Bonilla Romero, 836 F.2d at 43; see also United States v. Santiago-Colón, No. 16-2509, slip op. at 33 (1st Cir. Feb. 28, 2019) (holding that the United States and Puerto Rico's single-sovereignty status under the Double Jeopardy

- 7 -

Clause does not eliminate the privity requirement in issue preclusion claims).  Here, Rosado-Cancel has not argued that the federal prosecutors were in privity with the Commonwealth prosecutors, and his issue preclusion claim would therefore fail on the merits even if it were not waived.

## III.

Finding no error, we <u>affirm</u> the judgment of the district court.